IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH LA-DALE PORTER                                                                                    PLAINTIFF

VS.                                                                        CIVIL ACTION NO. 3:16cv164-FKB-FKB

WARDEN BRIAN LADNER                                                                              DEFENDANTS

**ORDER**

Before the Court is the Amended Motion for Summary Judgment [39] for Failure to Exhaust Administrative Remedies filed by Defendant Warden Brian Ladner, to which Plaintiff has failed to respond. In this action brought pursuant to 42 U.S.C. § 1983, Plaintiff Keith La-Dale Porter alleges conditions of confinement claims based on the period of October 19 to December 10, 2015, while he was incarcerated at the Technical Violation Center at Central Mississippi Correctional Facility ("CMCF"). For the reasons explained in this Order, the Court finds that the amended motion for summary judgment should be granted on the basis that Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Accordingly, Porter's pending motions to amend [42] and for an evidentiary hearing [43] are denied as moot.

I. DISCUSSION

In a previous Order [38], the Court denied Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies due to a lack of evidentiary support for the motion. Even so, at that time the Court *sua sponte* dismissed Porter's claims against Defendant Fisher.

In the Order [38], the Court set out the relevant standards governing summary judgment and the PLRA's exhaustion requirements. *See* Fed. R. Civ. P. 56(a); 42 U.S.C. § 1997e(a)(Supp.

2000).  By reference to the Order [38], the Court incorporates those standards herein.  In sum, the Fifth Circuit has recognized that exhaustion of administrative remedies prior to suit is mandatory, and that district courts have no discretion to stay § 1983 prisoner cases when they are filed before prisoners have exhausted administrative remedies.  *Gonzales v. Seal*, 702 F.3d 785 (5th Cir. 2012).

With the present amended motion [39], Defendant Ladner has re-urged dismissal based on Porter's failure to exhaust administrative remedies and has returned with increased evidentiary support.  Specifically, Ladner has presented an affidavit from an investigator with the Administrative Remedy Program ("ARP") attesting that Porter never submitted any grievances related to his conditions of confinement at CMCF during the relevant time period of October 19 to December 10, 2015.  [39-1].  In addition, the investigator testifies that Porter did file one ARP grievance between October 2015 and August 2016, but it was rejected because it concerned parole issues.  *Id.*

Defendant also argues that Porter has admitted that he has failed to exhaust administrative remedies.  As recounted in the Court's previous Order [38], Defendant points out that Porter testified at the omnibus hearing that he submitted a letter to the ARP, but never heard a response to it, and never attempted to file other ARPs based on his conditions of confinement.  Rather than pursuing remedies through the ARP, Porter filed this action.  Thus, Defendant argues that this action should be dismissed due to Porter's failure to exhaust administrative remedies.  The undersigned agrees.

Porter's testimony and the undisputed evidence submitted by Defendant show that Plaintiff has failed to exhaust his administrative remedies as to his conditions of confinement

claims brought in this action. Accordingly, Defendant is entitled to summary judgment as to all of Porter's claims based on his failure to exhaust administrative remedies.

## II. CONCLUSION

Accordingly, for these reasons, the undersigned hereby grants Defendant's Amended Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies [39]. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

SO ORDERED, this the 13th day of February, 2018.

/s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE